UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20603
_____


INTRASTATE GAS GATHERING COMPANY; ET AL.,

*Plaintiffs*,

GRAYSON COUNTY JOINT VENTURE NO. 1

*Plaintiff-Appellant*,


v.


DOW CHEMICAL COMPANY; ET AL.,

*Defendants*,

DOW CHEMICAL COMPANY,

*Defendant-Appellee*.


_____

Appeal from the United States District Court
for the Southern District of Texas
Houston Division
(C.A. No. H-92-1828)
_____

January 26, 2001

Before BARKSDALE AND BENAVIDES, Circuit Judges and VELA[1],
District Judge.

PER CURIAM[2]:

This case is a dispute between Grayson County Joint Venture

No. 1 ("appellant") and Dow Chemical Company ("appellee") over a

---

[1]District Judge of the Southern District of Texas, sitting
by designation.

[2]Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

natural gas transportation agreement. In 1980, appellant's predecessor-in-interest, South Texas Gas Gathering Company, Inc. ("South Texas"), entered into a contract with appellee titled the Gas Transportation Agreement. This agreement was amended in November of 1982. Under the agreement, South Texas was to pipe gas from the area described in the contract to an interconnect with another pipeline belonging to Texas Utilities Fuels Company ("Tufco"). In return, appellee agreed to pay a fee based on the amount of gas South Texas delivered to the interconnect from the area described in the agreement.

In 1992, appellant, as successor-in-interest of South Texas, brought suit against appellee for failure to pay a transportation fee on some of the gas delivered to the interconnect. The parties stipulated to the amount of gas on which no fee was paid, but they disagree on whether a fee was actually owed on this gas. Appellee argued that no fee was owed because it was delivered from an area outside that described in the agreement. Appellee also asserted, as an affirmative defense, that appellant had waived any right to the fee.

The case was tried to a jury and, during the trial, the district court made several decisions relevant to this appeal. The district court excluded five of appellant's exhibits on the ground that they were irrelevant, included a question in the charge that asked whether a "reasonable person" would understand

2

the agreement to apply to the disputed gas, submitted a second question asking whether appellant waived its right to the fee, and sent charts and graphs, not admitted into evidence, to the jury room during deliberations.

The jury found that a "reasonable person" would not understand the fee to apply to the disputed gas and that appellant waived any right it had to the fee. Based on the jury's findings, the district court entered judgment that appellant take nothing.

In this court, appellant argues that the contract unambiguously applies to the disputed gas and therefore the district court erred by failing to render judgment as a matter of law in appellant's favor. Further, appellant argues that there was no evidence to support submission of the waiver question, that the district court erred by sending charts and graphs not admitted into evidence to the jury room during deliberations, that the district court erred by excluding five of its exhibits on the ground they were irrelevant, and that submission of the question asking whether a "reasonable person" would find the agreement to apply to the disputed gas was error.

I.

The first issue is whether the district court erred by failing to render judgment as a matter of law in appellant's favor. Appellant argues that the transportation agreement

3

unambiguously applies to the disputed gas and, therefore, the district court should not have submitted this issue to the jury. The district court may grant a motion for judgment as a matter of law where there is no legally sufficient basis for the jury to find against the movant on that issue. *See* Fed R. Civ. P. 50(a)(1). However, the party seeking judgment as a matter of law must move for judgment "before submission of the case to the jury." *Id.* at 50(a)(2). "Where a party has failed to preserve the issue of sufficiency of the evidence for appellate review by moving for judgment as a matter of law," we must limit our inquiry to "whether there was any evidence to support the jury's verdict, irrespective of its sufficiency." *Great Plains Equipment, Inc. v. Koch Gathering Systems*, 45 F.3d 962, 968 (5th Cir. 1995). There was ample evidence in the record on which the jury could base its decision that appellant had waived its right to the fee and that the agreement did not apply to the gas on which no fee was paid.

## II.

The district court's charge asked whether appellant had waived its right to the fee. Appellant argues that there was no evidence to support submission of this question. In a diversity case involving a dispute over a contract, this Court must apply the substantive law in which the district court sits. *See Godchaux v. Conveying Techniques, Inc.*, 846 F.2d 306, 314 (5th

4

Cir. 1988).  Under this rule, Texas contract law applies to the instant case.  However, this Court applies a federal standard for determining whether the evidence is sufficient to create a jury question.  *See Atchison, Topeka and Santa Fe Railway Company v. Sherwin-Williams Company*, 963 F.2d 746, 749 (5th Cir. 1992).  Evidence is sufficient to support a jury's finding if taking all the evidence and reasonable inferences that can be drawn from that evidence, "a reasonable person could have made such a finding."  *Id.*  So, while Texas law defines the defense of waiver, federal law determines whether the evidence is legally sufficient to support a finding of waiver.

Waiver is an affirmative defense and can be asserted against "a party who intentionally relinquishes a known right or engages in intentional conduct inconsistent with claiming that right." *Tenneco Inc. v. Enterprise Products Co.*, 925 S.W.2d 640, 643 (Tex. 1996).  Silence or inaction for a long period of time can constitute waiver.  *See id.*  For example, in *Tenneco Inc. v. Enterprise Products Co.*, the plaintiff waived his right to daily delivery of the amount of gas specified under a contract because for three years the plaintiff failed to complain about shortages in the supply.  *Id.*  In the instant case, appellee offered evidence that appellant failed to bill appellee for fees on the disputed gas from 1984 to 1992.  Also, appellee  offered evidence that Jack Wiewall, owner of appellant's principal partner, was

5

aware the fees were not being billed and did not object to lack of payment for several years.  Therefore, there was some evidence to support submission of a jury question on the affirmative defense of waiver.

III.

Over appellant's objection, the district court sent charts and overlays that were not admitted into evidence to the jury room during deliberations.  This court reviews the decision to send such demonstrative aids to the jury room for an abuse of discretion.  *See Big John v. Indian Head Grain Co.*, 718 F.2d 143, 148 (5th Cir. 1983).  The submission of materials, "whether or not admitted in evidence," to the jury during deliberations is not error so long as the district court instructs the jury on the proper use of the materials.  *Id.*  For example, in *Big John v. Indian Head Grain Co.*, the district court did not commit reversible error where it submitted charts used in argument and instructed the jury that "the chart is not the evidence . . . and you will treat the chart just as you would treat the argument." *Id.* at 149.  Here, the district court submitted charts and overlays used as demonstrative aids during the trial with the instruction that "those are not additional evidence," and "they're like arguments, they're just an illustration, and they're certainly not additional evidence of whatever they represent."  Because the district court instructed the jury on

6

the proper use of the demonstrative aids, it did not commit reversible error by sending them to the jury room during deliberations.

IV.

The district court excluded appellant's exhibits numbered 5, 10, 17, 27, and 28 on the ground they were irrelevant. We review a district court's decision to exclude evidence "under the deferential abuse-of-discretion standard." *Kelly v. Boeing Petroleum Services, Inc.*, 61 F.3d 350, 356 (5th Cir. 1995). We will reverse a judgment based on the improper exclusion of evidence "only where the challenged ruling affects a substantial right of a party." *Johnson v. Ford Motor Co.*, 988 F.2d 573, 578 (5th Cir. 1993). An error does not affect a substantial right "if the court is sure, after reviewing the entire record, that the error did not influence the jury or had but a very slight effect on its verdict." *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1094 (5th Cir. 1994). After reviewing each excluded exhibit and the record in this case, we are satisfied that the exclusion of the exhibits did not affect a substantial right of appellant.

A. Exhibit #5

Exhibit #5 is a note written by one of appellee's employees describing the "intent of the 11-4-82 Amendment" to the original agreement. The exhibit states that the amendment changes the

calculation of the fee and describes the basis for its calculation. This exhibit states only what is included in the amendment itself. Since the amendment, and therefore the information contained in exhibit #5, was admitted in evidence for the jury to consider, the exhibit's exclusion could not have affected the jury's verdict. Therefore, the trial court did not abuse its discretion and reversal is not warranted based on the exclusion of exhibit #5.

B.  Exhibit #10

Exhibit #10 is a hand-written exchange between two of appellee's employees. In the note, one employee explains that Tufco reimburses appellee for certain transportation fees. The information contained in exhibit #10 was also included in the Gas Purchase and Exchange Agreement which was admitted as a joint exhibit for the jury to consider. Since the jury could consider the information contained in exhibit #10, exclusion of the exhibit could not have affected its verdict. The trial court did not abuse its discretion and reversal of the judgment is not warranted by exclusion of exhibit #10.

C.  Exhibit #17

Exhibit #17 is a letter from appellee's gas supply manager to one of appellant's owners that asks when a particular well can be connected to the pipeline. This letter shows that appellant piped certain gas for appellee, but this fact was never disputed.

8

The central issue in the case is whether appellee owed a fee on that gas, not whether appellant piped gas for appellee. Since exhibit #17 has nothing to do with the relevant issue, its exclusion could not have affected the jury's verdict. Thus, the trial court did not abuse its discretion by excluding the evidence and reversal is not warranted.

D. Exhibit #27 and exhibit #28

These two exhibits are letters between appellee, Tufco, and a company called Enmark regarding the construction of a new interconnect with Tufco's pipeline. Appellant offered these letters to prove that appellee had been wrongfully using appellant's interconnect with the Tufco pipeline. However, the issue in the case is whether appellee owed a fee on gas appellant delivered. The issue was not whether appellee owed money for wrongfully using appellant's interconnect. Because exclusion of this evidence did not affect the jury's verdict, the district court did not abuse its discretion and reversal is not warranted.

V.

The first question in the charge asks whether a "reasonable person would understand the agreement to apply to gas delivered to Tufco from the areas outside the original dedicated area?" Appellant objected to the wording of this question on the ground that use of an objective, third person standard was inappropriate. This court reviews the wording of jury questions

9

"with deference and will only reverse a judgment when the charge as a whole leaves us with substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." *Concise Oil and Gas Partnership v. Louisiana Intrastate Gas Corp.*, 986 F.2d 1463, 1474 (1993). However, the charge should submit "the ultimate questions of fact" to the jury. *Id.* By asking how a reasonable person would understand the agreement, the question embraces an objective legal standard rather than a factual question on whether *the parties* agreed that the fee would apply to certain gas. The question does, however, embrace the relevant issue and certainly does not leave us with "substantial and ineradicable doubt" about whether the jury has been properly guided. The use of an objective standard in the question is a technical error that does not constitute reversible error.

## CONCLUSION

Appellant has failed to move for judgment as a matter of law so he cannot now seek rendition of judgment in its favor on the contract. There was evidence to support submission of the waiver question to the jury. The district court did not commit error by submitting demonstrative aids to the jury during deliberations along with appropriate instructions. The exclusion of the exhibits because they were irrelevant did not affect a substantial right of appellant. Finally, although technically incorrect, the use of an objective legal standard in the first

10

question to the jury regarding the applicability of the agreement does not constitute reversible error.  Accordingly, we affirm the judgment of the district court.